

*Court Copy*

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA

## PRISONER COMPLAINT
## [FOR INMATE ACTION] UNDER 42 U.S.C. § 1983

Darryl Riggins
Name under which you were convicted

Trial by Struck Jury Demanded

184051
Your prison number

CIVIL ACTION NO. 18-CV-127-CG-N
(To be supplied by Clerk of Court)

vs.

Cynthia Stewart, Et. Al.,
Name of Defendant(s)

Holman Prison 3700 Atmore, Alabama 36503
Place of Confinement and Address

## INSTRUCTIONS - READ CAREFULLY

A. <u>Complaint Form</u>. You must file your original complaint and a copy for each named Defendant. Your complaint must be <u>clearly</u> handwritten or typewritten. Do not use the back of a page. Your complaint must be signed by you; no notary is required. <u>Any false statement of material fact may serve as the basis for prosecution for perjury.</u>

B. <u>Proper Court</u>. Your complaint can only be brought in this Court if a defendant is located in the Southern District of Alabama and the rest of the defendants are located in Alabama or if your claim arose in this district. The Southern District of Alabama is comprised of the following counties: Baldwin, Clarke, Choctaw, Conecuh, Dallas, Escambia, Hale, Marengo, Mobile, Monroe, Perry, Washington, and Wilcox.

C. <u>Separate Case</u>. It is necessary to file a separate complaint form for each claim unless the claims are related to the same incident or issue.

D. <u>Defendants</u>. The persons who are listed as defendants in section III of the complaint are deemed by the Court to be the only defendants to this action. A defendant's present address must be provided. The Court is unable to serve process without the present address being furnished. The first defendant listed in section III should be the defendant that you list in the style of your case on your complaint form and motion to proceed without prepayment of fees and costs, if applicable, and any other pleading filed with the Court.

Rev. 8/1/15

E. Pleading the Complaint. Your complaint should not contain legal arguments, case law or statutory citations. You are required to provide facts. Your complaint shall be a short and plain statement of your claim and shall provide fair notice to each defendant of the claim against that defendant and of the factual grounds upon which the claim rests.

F. Fees. This complaint cannot be properly filed unless it is accompanied by the $400.00 filing fee, or a motion to proceed without prepayment of fees if you are unable to afford the filing fee and other costs associated with prosecuting this action. If IFP is granted the filing fee is $350.00.

If you are unable to pay the filing fee and service costs for this action, you may ask the Court to let you proceed without prepayment of fees and costs. A blank motion for this purpose is included.

If you wish to proceed without prepayment of fees and costs, you must complete and mail to the Clerk of Court a copy of the "Motion to Proceed Without Prepayment of Fees" mailed to you with this complaint. This motion will be returned to you without action unless you have an authorized officer at the jail or prison complete the financial statement mailed to you with this form.

Even if the Court authorizes you to proceed without prepayment of filing fees, you are obligated to pay the full $350.00. If you have the ability to pay a partial filing fee when your complaint is filed, you will be required to pay an amount, based on your assets, of up to the greater of 20 percent of your average monthly balance in your prison account or your average monthly balance for six months immediately preceding the filing of your complaint. Thereafter, your prison account will be garnished at the rate of 20 percent of your monthly income until the filing fee is paid.

G. Form of Pleadings. All pleadings and other papers filed must be on 8 1/2" x 11" paper, legibly handwritten or typewritten. Every document filed after the complaint must have the style of the case and the docket number. Every pleading must be signed by you and must contain your address and telephone number, if any; otherwise, the pleading will be stricken. See Fed. R. Civ. P. 11(a). No notary is required.

H. Certificate of Service. Each pleading filed after the complaint must contain a certificate of service indicating that the pleading has been served on the opposing parties and the date that it was sent. A pleading will be stricken if it does not contain this certificate of service. See Fed. R. Civ. P. 5.

I. Copies. This Court will not make copies of your complaint or pleadings unless you prepay the required per page copying fee.

J. Form of Pleadings. Do not write letters to the Court. All pleadings and documents should be sent to the Clerk of the Court, and not to a magistrate judge or a district judge.

K. No Evidence. No evidence shall be sent to the Court for filing or storing.

## I. PREVIOUS LAWSUITS.

A. Have you filed any other lawsuits in state or federal court dealing with the same or similar facts involved in this action:

     Yes ( )    No (✓)

B. Have you filed other lawsuits in state or federal court relating to your imprisonment:

     Yes (✓)    No ( )

C. If your answer to questions A or B above is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using this same outline.)

    1. Parties to this previous lawsuit:

Plaintiffs: _DARRyl Riggins_

Defendants: _Walter Myers, Emily Whittle, DARyl Fails, Regina Bolar, and Regina Hardy_

    2. Court (if federal court, name the district; if state court, name the county): _Southern District of Alabama, Mobile, Alabama_

    3. Docket Number: _1:16-CV-0390-KD-C_

    4. Were you granted the opportunity to proceed without payment of filing fees?

Yes ( )  No (✓)

    5. Name of judge to whom the case was assigned: _Hon. Kristi K. DuBose_

    6. If your case is no longer pending and has been dismissed, state the reason given by the Court as to why your case was dismissed, i.e., frivolous, malicious, failed to state a claim, defendants were immune, etc.

_Case Settled without  : trial_

    7. Approximate date of filing lawsuit: _July 20, 2016_

    8. Approximate date of ruling by court: _November 15, 2017_

_See Also Attached Declaration Concerning Prior lawsuits Filed by Plaintiff_

3

## II. YOUR PRESENT COMPLAINT.

A. Place or institution where action complained of occurred: _Holman Prison_

B. Date it occurred: _October 8, 2017_

C. Is there a prisoner grievance procedure in this institution? _No / I made Complaint With State Investigator_

D. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
   Yes (✓)    No ( )

E. If your answer is YES:

   1. What steps did you take? _Filed Complaint With State Investigator_

   2. What was the result? _Unknown / Pending_

F. If your answer is NO, explain why not: _See Above #1 & #2_

G. Your claim (<u>briefly</u> explain your claim: what, when, where, who; do not cite cases; you may, without leave of Court, add up to five (5) additional pages if necessary):

_See Attached Statement of Facts_

4

## III. PARTIES.

A. Plaintiff (Your name/AIS): Darryl Riggins #184051

Your present address: Holman Unit 3700 Atmore, Ala 36503

B. Defendant(s):

1. Defendant (full name) Cynthia Stewart is employed as Warden, III at Holman Prison

His/her present address is Holman Prison 3700 Atmore, Ala. 36503

(a) Claim against this defendant: Eighth Amendment Duty to Make Safe, Supervisory liability, Failure to provide protective measures, Negligence

(b) Supporting facts (Include date/location of incident): See Attached Statement of Facts

2. Defendant (full name) Terry Raybon is employed as Warden, II at Holman Prison

His/her present address is Holman Prison 3700 Atmore, Alabama 36503

(a) Claim against this defendant: Eighth Amendment Duty to Make Safe, Supervisory liability, Failure to provide protective measures, Negligence

(b) Supporting facts (Include date/location of incident): See Attached Statement of Facts

3. Defendant (full name) Phillip Mitchell is employed as Warden, I at Holman Prison

His/her present address is Holman Prison 3700 Atmore, Ala. 36503

(a). Claim against this defendant: *Eighth Amendment Duty to Make Safe, Super-visory Liability, Failure to Provide Protective Measures, Negligence /*.

(b) Supporting facts (Include date/location of incident):

*SEE Attached Statement of Facts*

C. Additional Defendants: (If there are additional defendants, you may list them on separate pages using the same outline above).

IV. A. You must answer the following questions:

1. State the conviction(s) for which you are presently incarcerated: *Rape 1st, Sexual Abuse 1st, Arson 2nd, Escape 2nd, Theft of Property 1st x2, Assault 2nd, Unlawful Act 3 or more*

2. When were you convicted? *8/4/03, 2/17/04*

3. What is the term of your sentence? *15yrs, 99yrs, & life*

4. When did you start serving this sentence? *Aug. 4, 03, Feb 17, 04*

5. Do you have any other convictions which form the basis of a future sentence?
    Yes ( )     No (✓)

If so, complete the following:

(a) Date of conviction: *N/A*

(b) Term of sentence: *N/A*

6. What is your expected end of sentence (E.O.S.) date? *None*

B. If this present lawsuit concerns your criminal conviction or sentence, state whether your conviction has been:

|             | Conviction     |       | Sentence     |
|-------------|----------------|-------|--------------|
| Reversed    | yes( ) no( )   | *N/A* | yes( ) no( ) |
| Expunged    | yes( ) no( )   |       | yes( ) no( ) |
| Invalidated | yes( ) no( )   |       | yes( ) no( ) |

6

Writ of habeas  yes( ) no( )   N/A   yes( ) no( )
corpus granted

C.  If you answered yes to any of the questions, state the Court or entity that relieved you from your
conviction or sentence and the date: _____
_____ N/A _____

V.  State briefly exactly what you want the Court to do for you if you win (make no legal argument,
cite no cases or statutes):

SEE ATTACHED PRAYER FOR RELIEF

VI.  **AFFIRMATION.**  By my signature below, I swear or affirm under penalty of perjury that the
facts set out in this complaint are true and correct.

MAR. 5, 2018
Date

(Signature of Plaintiff Under Penalty of Perjury)

HOLMAN UNIT 3700 - M-24-A
Current Mailing Address

ATMORE, ALABAMA 36503

N/A
Telephone Number

PLAINTIFF SHALL IMMEDIATELY ADVISE THE COURT IN WRITING OF ANY CHANGE IN
HIS ADDRESS, E.G., RELEASED, TRANSFERRED, MOVED, ETC.  FAILURE TO NOTIFY THE
COURT OF A NEW ADDRESS WILL RESULT IN THE DISMISSAL OF THIS ACTION FOR
FAILURE TO PROSECUTE AND TO OBEY THE COURT'S ORDER.

DEFENDANT (s):

1. DEFENDANT Regina Bolar, IS EMPLOYED AS Correctional Lieutenant AT Holman Prison HER PRESENT ADDRESS IS Holman Prison 3700 Atmore, Alabama 36503

(A.) Claims Against this Defendant : Eighth Amendment duty to make safe, Supervisory Liability, Failure to provide protective measures, and Negligence

(b.) Supporting Facts : See Attached Statement of Facts

DEFENDANT Devron Brown IS EMPLOYED AS Correctional Lieutenant At Holman Prison Her present Address is Holman Prison 3700 Atmore, Alabama 36503

(A) Claims Against this Defendant : Eighth Amendment duty to make safe, Supervisory Liability, Failure to provide protective measures, and Negligence

(b) Supporting Facts : See Attached Statement of Facts

DEFENDANT M. Banks IS Employed As Correctional Lieutenant At Holman Prison His present Address is Holman Prison 3700 Atmore Alabama 36503

(A) Claims against this Defendant : Eighth Amendment duty to make safe, Supervisory Liability, Failure to provide protective measures,

And Negligence

(b) Supporting Facts: See Attached Statement of Facts

Defendant Yencini Smith is employed as Captain at Holman Prison his present address is Holman Prison 3700 Atmore, Alabama 36503

(A) Claims Against this defendant: Eighth Amendment duty to make Safe, Supervisory Liability, Failure to provide protective Measures, And Negligence

(b) Supporting Facts: See Attached Statement of Facts:

Defendant Jeff Emberton is employed as Captain at Holman Prison his present address is Holman Prison 3700 Atmore, Alabama 36503

(A) Claims Against this defendant: Eighth Amendment duty to make Safe, Supervisory Liability, Failure to provide protective Measures And Negligence

(b) Supporting Facts: See Attached Statement of Facts

DEFENDANT K. LANE IS EMPLOYED AS CORRECTIONAL SERGEANT AT HOLMAN PRISON HIS PRESENT ADDRESS IS Holman Prison 3700 Atmore Alabama 36503

(A.) Claims Against this defendant : Eighth Amendment duty to make Safe, Supervisory Liability, Failure to provide protective Measures, and Negligence

(b) Supporting Facts : See Attached Statement of Facts


DEFENDANT William DESPAIN, IS EMPLOYED AS Classification Supervisor At Holman Prison His present Address Is Holman Prison 3700 Atmore, Alabama 36503

(A) Claims Against this defendant : Eighth Amendment duty to make Safe, Supervisory Liability, Failure to provide protective Measures And Negligence

(b) Supporting Facts : See Attached Statement of Facts

STATEMENT OF FACTS

1  ON OCTOBER 8, 2017 THERE WAS NOT AN OFFICER ASSIGNED AS the INSIDE the dORmITORY ROVER/MONITOR NO INMATE SEARCHES OF living AREAS WERE CONDUCTED AND THERE WERE NUMEROUS bROKEN MOP AND bROOM STICKS TIED TO INMATE bUNKS AS SPIKES TO hold UP home MADE TENTS AS AMONGST OTHER REAdILY AVAILAbLE ObJECTS TO bE USED AS WEAPONS IN CLEAR SIGHT TO OFFICERS AND INMATES AlIKE

2. ON OCTOBER 8, 2017 DEVRON BROWN AND Sgt. LANE COULD SEE NUMEROUS home MADE TENTS UP IN B-dORM AND that they WERE MADE OUT OF bROKEN bROOMS AND MOP STICKS AMONGST OTHER thINGS OF WEAPONRY

3. ON OCTOBER 8, 2017 All dEFENDANTS hAD KNOWLEDGE OF NO dORM ROVER bEING ASSIGNED TO B-dORM TO MONITOR the INMATES ACTIVITY ESPECIALLY DEVRON BROWN ANd Sgt. LANE

4. ON AND bEFORE dEFENDANTS WERE AWARE OF the POOR lIGHTING IN B-dORM AND NO SECURITY lIGHTING FUNCTIONAL
   OCTObER 8 2017

5  ON AND bEFORE OCTObER 8, 2017 All dEFENDANTS WERE AWARE OF the EXCESSIVE AND thE UNUSUALLY HIGH ASSAULTS AND ASSAULTS WITH WEAPON IN B-dORM

6. ON AND BEFORE OCTOBER 8, 2017 DEFENDANTS had knowledge of BROKEN BROOMS AND MOP STICKS AND HOMEMADE KNIVES WERE being used by INMATES FOR INMATE ON INMATE ASSAULTS

7. ON OCTOBER 8, 2017 PLAINTIFF EXPLAINED to REGINA BOLAR, AND M. BANKS AT OR ABOUT 30 MINUTES AFTER BEING RELEASED FROM SEGREGATION AND being told to REPORT to B-DORM by REGINA BOLAR PLAINTIFF EXPLAINED to REGINA BOLAR AND M. BANKS THERE WERE INMATES telling PLAINTIFF to get out of B-DORM BECAUSE PLAINTIFF WAS labeled A SNITCH AND that PLAINTIFF Would be SERIOUSLY HARMED IF PLAINTIFF did Not get out of B-DORM REGINA BOLAR RESPONDED "MAN get out my FACE"

8. ON OCTOBER 8, 2017 Shortly before being STABBED AND BEATEN With homemade KNIVES AND BROKEN BROOM AND MOP STICKS PLAINTIFF EXPLAIN to DEVRON BROWN AND Sgt. LANE that his HEALTH AND SAFETY WAS being THREATEN by INMATES IN B-DORM FOR being labeled A SNITCH the inmates AND that the INMATES IN B-DORM WAS CLAIMING they would WET (STAB) PLAINTIFF UP FOR being A SNITCH PLAINTIFF EXPLAINED this NOT LESS THAN THREE TIMES to DEVRON BROWN AND Sgt. LANE

9. Sgt. LANE ORDER PLAINTIFF to go BACK WHERE PLAINTIFF WAS IN B-DORM AND DEVRON BROWN THREATENED to USE FORCE ON PLAINTIFF IF PLAINTIFF did NOT go IN B-DORM AS ORDERED

10. After being forced to enter B-dorm plaintiff was attacked by several inmates 30 minutes later with homemade knives and broken brooms and mop sticks and beaten to and stabbed for over 10-15 minutes and no officers came to stop the assault

11. Plaintiff suffered serious injuries some life threatening or stab wounds to the head, neck, back and arm

12. Plaintiff had to be transported to three different hospitals in less than 24 hours before finally being stabilized

13. On and before october 8, 2017 Stewart, Raybon, Mitchell, Smith, Emberton, Despain, Bolar, Banks, Brown and Lane had knowledge of excessive stabbings and beatings of inmates in B-dorm by the longstanding pervasive and well documented stabbings & beatings Defendants also had knowledge that the broken broom and mop were being used as weapons to assault inmates

14. On and before october 8, 2017 Stewart, Raybon, Mitchell, Smith, Emberton, Despain, Bolar, Banks, Brown and Lane had knowledge of understaffed shifts including the staff for the night of october 8, 2017

15. On and before October 8, 2017 Stewart, Rayburn, Nichell, Smith, Emberton, Despain, Bolar, Banks, Brown, and Lane had knowledge of the lighting and security lighting in B-dorm was none functional

16. On October 8, 2017 On the supervised shift by Brown at 6:00 p.m. B-dorm was not searched for weapons before or after plaintiff was brutally assaulted and no officer assigned to B-dorm before or after plaintiff is physical and seriously injuried

17. On June 14, 2017 Plaintiff is found in his then assigned cell # M-63-A unresponsive by Smith, Banks, and Brown was left without medical attention

18. Upon information and belief Rayburn did order plaintiff left in the cell unresponsive and without medical attention one June 14, 2017

19. Upon information and belief one June 14, 2017 Banks made statements about plaintiff such as "If he is dead oh well" and "We ain't going in that cell to get him"

20. On March 14, 2017 Rayburn asked plaintiff if plaintiff would be willing to be assigned to any population dorm

21. On May 14, 2017 Plaintiff Submitted Written Complaint/letter to Stewart And Despain Concerning Inmate threat of being offered payment to harm plaintiff And Stewart personally ordered Despain to do Nothing

22. On February 28, 2018 plaintiff Submitted A letter/Complaint to Stewart Enclosed Was Also An Enemie list of potential & Pass Inmate threats of the Inmates that stabbed plaintiff this Complaint/letter was Returned to plaintiff unopened but Signed by Stewart And dated "Return to Sender"

23 24. On Segregation Review board Rounds DESPAIN Would often make statements to plaintiff of such as "Riggins you know Raybon don't like your ass" And "you know these folks pissed off with you about giving that woman panties to I&I Investigator" "you know they got your ass labelsed As A snitch" "Just be cool I'm trying to get you to a level 4 camp but Raybon keep stopping it" "I've been told these things by Mr. Oden of classification about Raybon

## Count. 1.

### § 1983 - Cruel And unusual Punishment - Stewart, Raybon, Mitchell, Smith, Emberton, Despain, Bolar, Banks, Brown And Lane

24 25. Plaintiff Adopts And Incorporates by Reference all of the Allegations set forth Above as set if set out here in Full. Defendant Stewart, Raybon, Mitchell, Smith, Emberton, Despain Bolar, Banks, Brown And Lane While in uniform And Acting under Color of His/Her Authority As An Alabama State Correctional Officer Forced plaintiff into B-dorm Where plaintiff Was Seriously Injured by inmates Armed with homemade knives And broken broom And mop Sticks In so doing Defendant Stewart, Raybon, Mitchell, Smith, Emberton, Despain, Bolar, Banks, Brown, And Lane Subjected plaintiff to Cruel And unusual Punishment As prohibited

by the Eighth Amendment to the U.S. Constitution as made enforceable against the states by and through the Fourteenth Amendment Plaintiff's right not to be subjected to physical inmate on inmate assaults was clearly established at the time and Defendants Stewart, Raybone, Michell, Smith, Emberton, Despain, Bolar, Banks, Browne, And Lane was deliberately indifferent to those Rights

## Count II
### § 1983 - Eighth Amendment Duty to make safe - Stewart, Raybone, Mitchell, Smith, Emberton, Despain, Bolar, Banks, Brown and Lane

25 25    Defendants Stewart, Raybone, Mitchell, Smith, Emberton, Despain, Bolar, Banks, Browne, and Lane Respectively Correctional officers with supervisory authority while acting under color of their authority as an Alabama state Correctional officer had knowledge of the brooms and mops, being broken to use as spikes for tents and as weapons to assault inmates Defendants Bolar, Banks, Browne And Lane were personally told by Plaintiff that his health and safety was being threatened by the inmates in B-dorm for being labeled a switch and plaintiff was still forced to go into B-dorm by Bolar, Banks, Brown and Lane Bolar, Banks, Browne, And Lane having knowledge of an excessive risk to the plaintiff's health and safety disregarded that risk by failing to order plaintiff out of and away from B-dorm stopping plaintiff from going into B-dorm investigating and searching B-dorm for

weapons of broken brooms and mop sticks and homemade knives assigning a officer to monitor inmates in B-dorm or any other action to protect plaintiff from the violation of clearly established Right under the Eighth Amendment not to be subjected to Cruel and unusual punishment such actions was deliberately indifferent to plaintiff's Rights.

## Count III
### § 1983 - Supervisory Liability -
### Bolar, Banks, Brown and Lane

26·29 .   Defendants Bolar, Banks, Brown and Lane Lieutenants and Sergeant Respectively with supervisory authority while acting under the color of their authority as Alabama State Correctional Officers had knowledge of the threatened harm being visited on plaintiff whom was labeled a snitch Bolar, Banks, Brown and Lane having knowledge of the threat to plaintiff health and Safety violated plaintiff's clearly established Right under the Eighth Amendment not to be subjected to Cruel and unusual punishment had a duty to intervene and stop the violation. by Removing plaintiff from B-dorm and never allowing plaintiff to go in to B-dorm Bolar, Banks, Brown and Lane Failed to do so. Defendants Failures were Separately and Individually a Cause of the violation of plaintiff's Right to be Free of Cruel and unusual punishment under the Eighth Amendment in so doing defendants Bolar, Banks, Brown, and Lane subjected plaintiff to Cruel and unusual punishment as prohibited by the Eighth

Amendment to the U.S. Constitution As Made enforceable Against the States by And through the Fourteenth Amendment Plaintiff's Right not to be subjected to physical Assault was clearly established at the time and defendants was deliberately indifferent to those Rights

## Count IV
### § 1983 - Failure To Provide Protective Measures— Bolar, Banks, Brown And Lane

27 25. Defendant Bolar a lieutenant with supervisory authority over Banks, Browne a lieutenant with supervisory authority over Lane had knowledge that despite the laws and Regulations In place to protect Inmates From Assaults by other Inmates that such threats of Assaults was being visited upon plaintiff by inmates In B-Dorm For being labeled A snitch direct knowledge of plaintiff's plight was obtained by and through plaintiff's verbal Complaints made to Bolar, Banks Brown And Lane these defendants knew therefore that plaintiff health and safety was at Risk on october 8, 2017 when plaintiff notified these defendants Not less than three times before being Forced In to B-dorm These defendants disregarded the known Risk to plaintiff's health and safety by Failing to Implement procedures to protect plaintiff and to Require that the law And Administrative Regulations In place were enforced These defendants Failed to take Action to make plaintiff safe and/or provide protective measures After they were notified of the threatened Risk to plaintiff

In so doing defendants Bolar, Banks, Brown and Lane sub-
jected plaintiff to cruel and unusual punishment as pro-
hibited by the eighth amendment to the U.S. Constitution
as made enforceable against the states by and through the
fourteenth amendment plaintiff's right not to be subjected
to prolonged stabbing and beating was clearly established at
the time and defendants were deliberately indifferent to
those rights

## COUNT V
### §1983 - FAILURE TO PROVIDE PROTECTIVE MEASURES -
### STEWART, RAYBON, MITCHELL, SMITH, EMBERTON
### AND DESPAIN

28 26. Stewart while acting in her official capacity as Warden III, of
Holman prison, Raybon while acting in his official capacity as
Warden II, Mitchell while acting as in his official capacity as
Warden I, Smith while acting in his official capacity as Captain
Emberton while acting in his official capacity as Captain and De-
spain while acting in his official capacity as head of classification
of Holman prison had knowledge of the risk of harm presented
by inmates that were thatsupee not monitor by the presence of a
officer in a dormitory B that was several brooms and mop
broken and made readily available for use as weapons and the
excessive and unusually high stabbings and beatings that occured
in B-dorm these stabbings and beatings whttre were longstanding and
pervasive and well documented these stabbings and beatings were

ARE PROLONGED And FOR EXCESSIVE PERIODS OF TIME As NO OFFICER
IS INSIDE the dorms to Call FOR help to Stop Such Stabbings
And beatings These defendants disregarded the KNOWN Risk to
plaintiff's health And safety by failing to Implement procedures
to protect INMATES And REQUIRE the law And Administrative Regu-
lations IN place WERE ENFORCED Such Failure WAS A CAUSE OF
Violation OF plaintiff's Eighth Amendment Right not to be
Subjected to Cruel And and unusual punishment At the hands
OF Several INMATES ARMED with homemade knives And broken
brooms And Mop Sticks being beating And stabbed FOR over 15
Minutes

## COUNT VI
## NEGLIGENCE — STEWART, RAYBON, MITCHELL,
## SMITH, EMBERTON, DESPAIN, BOLAR, BANKS,
## BROWN AND LANE

29 27. The plaintiff adopts and INCORPORATES by REFERENCE all OF
the Allegation OF PRECEDING paragraphs OF this Complaint As
IF the SAME WERE SET out fully hereIN

30 28. DEFENDANTS STEWART, RAYBON, Mitchell, Smith, EMBERTON, DESPAIN,
BOLAR, BANKS, BROWN, And LANE had A duty to MAINTAIN plain-
tiff IN A SAFE AND SECURE ENVIRONMENT FREE FROM PROLONGED
Stabbings And beatings At the hands OF CORRECTIONAL STAFF And
INMATES DEFENDANTS Also had A duty to promptly REPORT And /or
INVESTIGATE ANY INCIDENTS or COMPLAINTS OF threatened physical

Abuse and intimidation at the hands of correctional staff and inmates

31 29. Said defendants breached this duty by failing to monitor the ava availability of weapons failing to investigate reports of threatened abuse, physical abuse and intimidation and by failing to require the enforcement of rules in place meant to protect inmates

32 30. Defendants had a duty not to subject plaintiff to physical assault and intimidation defendants breached that duty by so subjecting plaintiff to the prolonged stabbing and beating

33 31. Defendants Bolar, Banks, Brown, and Lane had a duty not to subject plaintiff to intimidation and the physical prolonged stabbing and beating. Bolar Banks, Brown and Lane breached that duty by using their position to force plaintiff to enter an unassigned dormitory

34 32. As a direct and proximate result of the defendants actions plaintiff has suffered physical and psychological injuries along with excruciating pain and suffering mental anguish loss of enjoyment of life and consequential and incidental damages these damages are expected to continue in the future

# PRAYER FOR RELIEF

WHEREFORE, the above premises considered plaintiff prays that this Honorable Court will take jurisdiction of this action and enter a judgment granting the following relief:

35 33. Plaintiff demands judgment declaring unlawful and unconstitutional the acts, policies, and practices of defendants

36 34. Plaintiff demands equitable relief against defendants which may be appropriate to restrain these violations and require defendants to take such affirmative action as is necessary to ensure that the affects of the unconstitutional and unlawful acts, policies, or practices do not continue.

37 35 Plaintiff demands judgment in favor of plaintiff and against defendants for compensatory damages, including damages for mental anguish and distress, pain and suffering

38 36. Plaintiff demands judgment in favor of plaintiff and against defendants for punitive damages in an amount to be determined by the jury

39 37 Plaintiff pray that this Honorable Court will enter a judgment in favor of plaintiff and against defendants for the costs of litigation and for attorney's fees pursuant to 42 U.S.C § 1983

Plaintiff demands a trial by struck jury on all issues so triable

Darryl D. Riggins #184051
Holman unit 3700 -N-49-A
Atmore, Alabama 36503

LEGAL
MAIL

"This correspondence is forwarded from an Alabama
State Prison. The content has not been evaluated, and
its ADOC is not responsible for the substance or content
of the enclosed communication."

MOBILE AL

19 MAR 2018

USA FOREVER

Office of Court Clerk
United States District Court
For Alabama Southern District
113 St. Joseph Street
Mobile, Alabama 36602

NOT ZIP CODE 36644

NOT 205 Government St.

MAiled: 3/6/18